**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:    July 16, 2018
Date Submitted:  July 3, 2018

Michael-destry Family of Williams
Federal Correction Institution
FCI Englewood Prison
BOP# 39714-013
9595 W. Quincy Avenue
Littleton, CO 80123

RE:  *Michael-destry Williams © Trust v. United States of America*
C.A. No. 2018-0511-PWG

Dear Mr. Williams:

You previously filed a petition for instructions with this Court, naming the United States of America, Inc. as defendant, and seeking preliminary and permanent injunctive relief releasing you from incarceration at the Federal Correctional Institution at Englewood, in Littleton, Colorado. This was allegedly because of unlawful presentment and trial proceedings in the United States District Court for the District of Colorado, in which you were found guilty and

incarcerated.[1]  You also applied to proceed *in forma pauperis.*  In a Final Report issued on April 30, 2018 ("Final Report"), I recommended that the Court grant your application to proceed *in forma pauperis* but dismiss the petition as legally frivolous for lack of subject matter jurisdiction.[2]  With no objections being filed by the time required in Court of Chancery Rule 144, the Court approved that Final Report, adopting its findings, on May 17, 2018.[3]

On June 28, 2018, you filed, substantively, the same petition for instructions with this Court (with minor changes, such as the date the document was executed), and added exceptions to the earlier Master's Report, as well as a petition for a temporary restraining order, preliminary injunction and permanent injunctive relief, and a request to proceed *in forma pauperis.*

First, I refer you to the previous Final Report for the background in this case. For your convenience, a copy of the previous Final Report is enclosed.  And, as was determined in the previous action, you have met the criteria for prisoners to proceed *in forma pauperis* under 10 *Del. C.* §8804, and I recommend that the Court grant your application to proceed *in forma pauperis* in this matter.

---

[1] *Michael-destry Williams © Tr. v. United States*, 2018 WL 2050363, at *1 (Del. Ch. Apr. 30, 2018).

[2] *Id.*, at *2.

[3] Final Order, *Michael-destry Williams © Tr. v. United States*, No. 2018-0320-PWG (Del. Ch. May 17, 2018), Docket Item 4.

If the Court grants an inmate's motion to proceed *in forma pauperis*, then the Court determines whether the complaint is factually frivolous, malicious or legally frivolous.[4] Delaware's *in forma pauperis* statute defines a legally frivolous complaint as one that is "based on an indisputably meritless legal theory."[5] When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed.[6] I recommend that the Court dismiss your new filings as legally frivolous for lack of subject matter jurisdiction.

With regard to the petition for instructions, the claims contained in that petition remain the same as were analyzed by the Court in the previous action. I refer you to that Final Report for the discussion of the analysis and findings with regard to those matters, which remain applicable to the new petition.

---

[4] 10 *Del. C.* §8803(b).

[5] 10 *Del. C.* §8801(7); *McCoy v. Taylor*, 1998 WL 842322, at *2 (Del. Ch. Nov. 12, 1998).

[6] Ct. Ch. R. 12(h)(3); *see also Czarninski Baier v. Upper N.Y. Inv. Co. LLC*, 2018 WL 1791996, at *5 (Del. Ch. Apr. 16, 2018). For a more in-depth discussion of subject matter jurisdiction, I direct you to the previous Final Report which states: "The Court of Chancery is a Delaware state court of limited jurisdiction. It has subject matter jurisdiction over a case in three ways: (1) the plaintiff asserts an equitable claim; (2) the plaintiff requests equitable relief for which there is no adequate remedy at law; or (3) subject matter jurisdiction is conferred by statute. When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed. Because subject matter jurisdiction is non-waivable, a court has an 'independent obligation to satisfy themselves of jurisdiction if it is in doubt.'" *Michael-destry Williams © Tr. v. United States*, 2018 WL 2050363, at *2 (internal citations omitted).

In this action, you have also filed exceptions to the earlier Master's Report and a petition for a temporary restraining order, preliminary injunction and permanent injunctive relief. I recommend that the exceptions be rejected as untimely, since exceptions to a Master's Final Report must be filed within 11 days of the date of the Final Report.[7] That Final Report was issued on April 30, 2018, so the filing period for exceptions has long since passed.

Even if the claims contained in the exceptions were considered, they would fail because they relate to actions taken by officers or agents of the United States federal government in federal criminal matters occurring in Colorado, and have no demonstrated connection to Delaware or to a Delaware entity, nor do they request relief that this Court can grant. Similarly, the claims in the petition for a temporary restraining order, preliminary injunction, and permanent injunctive relief fail for the same reasons.

In conclusion, I recommend the Court grant your application to proceed *in forma pauperis*, and dismiss these new claims as legally frivolous for lack of subject matter jurisdiction. This is a final report and I refer you to Court of Chancery Rule 144 for the process of taking exception to a Master's final report. I also note that, if this final report is adopted by the Court, this action would serve as the second instance in this Court in which a complaint you filed was dismissed as

---

[7] Ct. Ch. R. 144.

frivolous. Under Delaware's *in forma pauperis* statute, if a prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, he may not proceed *in forma pauperis* in the future, unless he is "under imminent danger of serious physical injury at the time the complaint is filed."[8]

Sincerely,

/s/ *Patricia W. Griffin*
Master in Chancery

---

[8] 10 *Del. C.* §8804(f).